## THE STATE v. ISAAC.

On the trial of a slave before a tribunal assembled under the provisions of the stat. of 1 June, 1846, which requires that it should be composed of two justices of the peace and ten owners of slaves, no objection can be made, after they have been sworn, to the persons empanelled to serve with the justices, on the ground that they are not slave-holders.

Where a slave, tried for a capital offence before a tribunal organized under the stat. of 1 June, 1846 which provides (sec. 8) that when an offender "shall be convicted of any crime punishable with death, the justices shall sign a sentence to that effect," is found guilty, but one of the justices refuses to sign the sentence, and the tribunal is dissolved without the judgment having been signed, the conviction, being one upon which no sentence could be pronounced in consequence of the dissolution of the tribunal, cannot be pleaded in bar of a subsequent prosecution for the same offence. *Per Curiam:* To sustain a plea of *auter foits convict* the conviction must be one, which, at the time of pleading it, is susceptible of being followed by a sentence.

A justice of the peace who had formed part of a tribunal for a trial of a slave organized under the stat. of 1 June, 1846, and who had, after hearing evidence, declared his conviction of the guilt of the accused, is not on that account disqualified to sit on a tribunal subsequently organized for a second trial for the same offence.

The oath required of members of a tribunal organized under the stat. of 1 June, 1846, for the trial of slaves, cannot be administered by the clerk of a District Court.

Clerks of courts, except in cases specially provided for by law, are authorized to administer oaths only in open court.

When confessions of guilt are given in evidence, the whole must be taken together; and where a witness, offered to prove a confession by the prisoner, states "that the accused told him that he had killed the deceased, and commenced justifying the act, when witness stopped him," the confession will not be allowed to go to the jury, he having been deprived of the benefit of the explanations with which he intended to accompany it, and which, if made, would have been admissible in evidence.

APPEAL from a special tribunal organized for the trial of a slave in the parish of West Feliciana. *Z. S. Lyons*, District Attorney, for the State. *Brewer*, and *J. H. Collins*, for the appellant. The judgment of the court was pronounced by

KING, J. The defendant has appealed from a judgment pronounced against him upon a conviction for the crime of murder, and complains of a number of irregularities in the proceedings in the inferior court, which are presented in bills of exceptions.

The accused was tried by a jury composed of two justices of the peace, and ten owners of slaves, as required by the act of 1846. Acts, p. 114. After the jury had been empannelled and several preliminary questions discussed and determined by the court, and the accusation against the prisoner, in the form of an information, had been read, the district attorney requested all the members of the jury who were not slave-holders to withdraw; whereupon, without further enquiry, four of the jury retired, and four other persons were substituted in their places. The defendant objected to this irregular proceeding, and took a bill of exceptions. It does not appear that the jurors who with-

drew were not slave-holders. This, however, we deem unimportant. Both the slave and the State are entitled to the right of challenge for cause, but it must be exercised subject to the rules which apply to the prosecution of other offenders, and by those rules this class of objections to the juror must be made before he is sworn, otherwise they are waived. 1 Chitty C. L. 544, 545. 8 Rob. p. 596. State v. Dubord, 2 Ann. R. 732. Not only had the State and the accused both waived the supposed objection to the jurors, by neglecting to urge it seasonably, but the latter, when the want of qualification was suggested, insisted on being tried by those who had been already sworn, thus adding his express, to his previous tacit, waiver. After the jury had been sworn both the State and the accused lost the right of challenge on this ground. This irregularity alone requires that the cause should be remanded. Other questions however have been presented which, unless now disposed of, may be again urged at the future trial, which it becomes necessary to direct. With a view of relieving the prosecution from them hereafter, they will be now considered.

The first is, the plea of a former conviction for the same offence. It appears that, upon a previous occasion, the accused was tried upon the same written accusation before a tribunal organized under the act of 1846 (Acts p. 114), and was found guilty. The 8th section of the act requires, " that in case the offender shall be convicted of any crime punishable with death, the justices shall sign a sentence to that effect; which sentence shall be put into execution with the concurrence of the jurors assisting at the trial." One of the justices refused absolutely to sign the sentence required by this section, and the court was dissolved without having signed the judgment necessary to give effect to their finding. The court was a special tribunal, convoked for a specific purpose. It dissolved itself without having accomplished the object for which it was convened, and had ceased to exist, leaving no other tribunal competent to complete the unfinished task, by pronouncing a sentence upon the verdict of guilty. In order to sustain the plea of auter foits convict, it is necessary that the conviction should be one which, at the time when the plea is made, is succeptible of being followed by a sentence. A conviction upon which no judgment can be pronounced. is not a conviction which can be pleaded in bar of a future prosecution for the same offence. 2 Hale, P. C. 257. 1 Chitty C. L. 462. The plea depends upon the principle that, a man ought not to be more than once brought in danger of his life for the same crime. 4 Black. 336. As no judgment has been, or ever can be, rendered upon the former conviction, the prisoner has never been in danger of his life, and cannot avail himself of the plea. The effect of the dissolution of the court without signing a sentence was, to produce a mis-trial, which has been repeatedly held to be no bar to a second trial for the same offence.

It is further objected that Henry Hinch, one of the justices of the peace who assisted at the first trial, was also a member of the second court organized to try the accused. It is contended that, under the statute, he was only a juror, and that the accused, in the exercise of his right of challenge for cause, should have been permitted to reject him, on the ground that he had previously declared his conviction of the prisoner's guilt, after hearing the testimony. Under the provisions of the statute this ground is untenable. Hinch was the justice before whom the complaint was originally made. It became his duty, under the law, to convoke the court for the trial of the accused, and he is required to act as a member of the tribunal. Although he participates in the deliberations of the jury and his concurrence is necessary to acquit or convict,

he is not styled a juror in the act, but is distinguished from the jury, and has duties assigned to him independent of those of a juror.

The members of the court were sworn by the clerk of the District Court, which was objected to as irregular. Clerks, except in cases specially provided by law, are only authorized to administer oaths in open court. The oath should have been administered by a justice of the peace, or by some other authority competent to administer oaths.

It is next contended that the proceedings were unconstitutional, the prosecution not having been by indictment or information. The accusation is in writing, and in the form of an information, to which no specific objection has been made. It does not therefore become necessary to enquire, whether an information or an indictment be indispensable in the prosecution of slaves under the 107th article of the constitution.

The confessions of the slave made to his master were objected to, on the ground that they were made under the influence of fear, and that he was not permitted to complete his statement. The witness testified : " That the accused came to him the morning after the affray, and told him that he had killed the slave *Jim*, and commenced justifying the act, when the witness stopped him, and told him that he intended to deliver him over to be punished." The confession appears to have been voluntary, but should have been excluded on the ground that it was interrupted and never completed. When confessions of guilt are given in evidence, the whole must be taken together. If the parts relied on to establish the guilt of the prisoner be received, the explanations with which they were accompanied cannot be rejected. Although all the parts of the confession are not entitled to equal weight, the whole must be submitted to the jury, who are to determine, under all the circumstances, how much of the entire statement is worthy of belief. 1 Greenleaf on Ev. § 201. 218. In the present instance, the prisoner was not permitted to make a full statement. It is evident that he intended to state circumstances in justification, which the witness refused to hear. A full explanation might have established a complete justification, and the narrative might have been so consistent and probable as to command the belief of the jury. Having been deprived of the benefit of the explanations with which he intended to accompany his admission, and which, if they had been made, would have been admissible in evidence, justice requires that his incomplete disclosure, consisting only of the fact unfavorable to himself, should not go to the jury.

The judgment of the inferior court is, therefore, reversed. It is further ordered that a new trial be granted, and that the cause be remanded to be proceeded with according to law.